[657 NYS2d 4]

In the Matter of NORMAN P. HORWITZ (Admitted as NORMAN PHILIP HORWITZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 24, 1997

**APPEARANCES OF COUNSEL**

*Erania Ebron-Fubara* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Norman P. Horwitz was admitted to the practice

of law in the State of New York by the Second Judicial Department on December 17, 1952, under the name Norman Philip Horwitz. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

On or about November 25, 1996, respondent was served with a notice and statement of charges accusing him of unethical practices and professional misconduct arising from his use of client funds for personal purposes. First, he was charged with engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3), arising from his intentional use of client funds for personal or business purposes. Second, he was charged with engaging in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5) for failing to comply with a court order directing payment of damages to clients. Third, he was charged with neglecting a legal matter in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30) for failing to forward promptly client funds to a bankruptcy trustee. Fourth, he was charged with failing to maintain an attorney escrow account and failing to safeguard client funds in violation of DR 9-102 (B) (1) and (2) and (C) (2) (22 NYCRR 1200.46). Fifth, he was charged with failing to document the deposits and location of client funds and failing to maintain complete records of client funds in his possession, in violation of DR 9-102 (C) (3) and (D) (1). Sixth, he was charged with failing promptly to pay or deliver to his clients the funds due them in violation of DR 9-102 (C) (4). On the basis of respondent having responded falsely to the Departmental Disciplinary Committee's investigation, he also was charged with having engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4). The Committee alleged that, on the basis of the foregoing, respondent engaged in conduct reflecting adversely on his fitness to practice law (DR 1-102 [A] [8]).

In an affidavit dated January 12, 1997, respondent acknowledged that he cannot successfully defend himself on the merits against these charges. He requests permission to resign from the New York State Bar pursuant to 22 NYCRR 603.11 (a), averring that such resignation is being freely and voluntarily rendered, that he is not subject to coercion or duress, and that he is fully aware of the implications of submitting his resignation. Accordingly, since the affidavit complies with the requirements of 22 NYCRR 603.11 and the Departmental Disciplinary

Committee joins respondent's application for permission to resign, respondent's motion is granted and his name is stricken from the roll of attorneys effective the date of this Court's order.

MILONAS, J. P., ELLERIN, WALLACH, NARDELLI and TOM, JJ., concur.

Motion granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective April 24, 1997.